UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
August 09, 2017
David J. Bradley, Clerk

Brian Fortman, § 
 § 
　　　　Plaintiff, § 
 § 
versus § 　　Civil Action H-16-2835
 § 
Allstate Casualty and Fire Insurance Co., § 
 § 
　　　　Defendant. § 

# Opinion

1. *Introduction.*

A homeowner says that a hail and wind storm caused $59,439.66 of damage to his roof. The insurance company estimated damages of only $664.58. The insurance policy has an $8,000 deductible. The homeowner sued for breach of contract and extra-contractual damages. The company moved for summary judgment. It will prevail.

2. *Background.*

Allstate Fire and Casualty Insurance Company insured Brian Fortman's house in Missouri City, Texas. This policy was effective from December of 2014, to December of 2015. It covered casualties to the property caused by nature. It had an $8,000 deductible. Fortman filed a claim with Allstate, saying that on November 17, 2015, a hail storm extensively damaged his roof. Allstate sent three adjusters to inspect the roof. They estimated repairs of $664.58. They found no evidence consistent with hail or wind storm damage.

Fortman hired an estimator – James P. McClenny – who reported $59,439.66 in damage. McClenny had a weather report of conditions at Fortman's property since 2011. This report shows no hailstorm in November 2015. The only hailstorm in 2015 was in May. Fortman says that the storm's date does not matter because a storm did occur during the covered year.

3.  *Contract Claim.*

Fortman argues that Allstate breached the contract by denying his claim. He says that Allstate has a duty to compensate the repairs because the evidence indicates a hailstorm occurring during the covered period of May 25, 2015. Allstate counters that Fortman failed to show that a hailstorm was solely responsible for any damage to his home. There is no dispute that no hailstorm occurred during the month of November.

4.  *The Policy.*

Fortman and Allstate contracted for coverage of his residential property from December 4, 2014, to December 4, 2015. The policy has a condition requiring Fortman to "promptly" notify the insurer and file a sworn proof of loss within 91 days. The statement must include the date, time, location and cause of loss. Allstate has no duty to provide coverage if Fortman fails to comply with these terms.

5.  *The Storm.*

On November 28, 2015, Fortman filed a sworn proof of loss for hail and wind storm damage. He said that a hail and wind storm damaged his property on November 17, 2015. Allstate inspected the property and found no evidence of hail or wind storm damage. In June 2016 – seven months after his claim – Fortman hired an estimator to inspect the property. The estimator reported damages of $59,439.66. In August– nine months after the claim – Fortman filed the original petition for damages under the policy. In his petition, Fortman pleaded that a storm damaged his property on November 17, 2015.

In September 2016, the case was removed because the parties are diverse. In December 2016, – over a year after his claim – Fortman amended his complaint. Again, he represented that on November 17, 2015, a hail and wind storm extensively damaged his property. A weather report obtained by Fortman's own witness revealed that no hail or wind storm occurred near the house on November 17, 2015. One occurred on May 25, 2015. It was not until a conference held in March 2017 – one year and four months after his initial claim – that Fortman admitted that a hail and wind storm did not occur in November 2015.

6. *The Condition.*

If we assume that a loss occurred on May 25, 2015, Fortman breached the contract by not complying with the policy's condition of promptly filing a claim and giving sworn proof of loss within 91 days. Fortman did not file a claim for a hail and wind storm in May 2015, and there was no storm in November 2015, for which he repeatedly swore. He cannot change his claim over a year later after neglecting to research the facts of his own case.

7. *James P. McClenny.*

Fortman contrasts James P. McClenny's estimate of $59,439.66 to Allstate's estimate of $664.58. He insists that the disparity between these estimates shows that Allstate is breaching its contract. McClenny's estimate is unreliable. His son is a partner at Fortman's law firm. McClenny receives half of all his assignments from his son and works with no other law firms. McClenny conceded that he did not know the nature of the claim that had been filed, nor the age of Fortman's roof when he inspected it. He simply inspected the property for *any* damage he could find. McClenny also conceded that he did not know *when* the damage occurred. Consequently, his inspection is unprincipled for determining damages caused by a hail and wind storm that occurred on any date, much less one on the day Fortman swore it happened. McClenny's estimate fails every element of relevance, rigor, and technical competence.

8. *Conclusion.*

Allstate did not breach. The parties agree that no hail and wind storm occurred on November 17, 2015. Fortman cannot recover damages for a storm that occurred in May if he did not give sworn proof of loss within 91 days as defined by the policy. All extra-contractual damages are derivative of Fortman's breach of contract claim, and without merit. Brian Fortman will take nothing from Allstate Fire and Casualty Insurance Company.

Signed on August 9, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge